# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3031

_____

David P. Moore; Danny G.            *
Holbrook,                           *
                                    *
            Appellants,             *
                                    *
      v.                            *
                                    *
Janet Reno, Attorney General, United *
States of America; Laurie J.        *
Weinstein, Attorney, Special        *   Appeal from the United States
Litigation Section, Civil Rights    *   District Court for the
Division, U.S. Department of Justice; *   Eastern District of Arkansas.
Arthur R. Greenberg, Attorney,      *
Special Litigation Section, Civil   *        [UNPUBLISHED]
Rights Division, U.S. Department of *
Justice; Andrew J. Barrick, Attorney, *
Special Litigation Section, Civil   *
Rights Division, U.S. Department of *
Justice; Crittenden County, Arkansas; *
Joe M. Rogers, Crittenden County    *
Civil Attorney,                     *
                                    *
            Appellees.              *

_____

Submitted: January 21, 2000
Filed: January 26, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

David P. Moore and Danny G. Holbrook, Arkansas inmates, appeal from the District Court's[1] 28 U.S.C. § 1915A(b)(1) (Supp. III 1997) dismissal of their civil action.

Moore and Holbrook claimed that defendants (1) conspired, in violation of 42 U.S.C. § 1985(3) (1994), to interfere with their civil rights when they were pretrial detainees at the Crittenden County Jail, and (2) neglected to prevent such a conspiracy, in violation of 42 U.S.C. § 1986 (1994), all by purposely failing to implement the consent decree entered in United States v. Crittenden County, No. JC89-141, 1990 WL 257949 (E.D. Ark. Dec. 26, 1990). The District Court concluded that Moore and Holbrook failed to state a claim under § 1985(3) because they did not claim to be victims of a conspiracy based on any cognizable class-based animus, and that the related § 1986 claim thus failed as well.

Reviewing the dismissal de novo, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999), we conclude that the District Court properly dismissed appellants' action, see Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268-69 (1993) (§ 1985(3) requires plaintiffs to assert they were victims of conspiracy motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus"; declining to extend § 1985 protection to class of women seeking abortion (citation omitted)); McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1990) (where no action lies under § 1985(3), no action can lie under § 1986), cert. denied, 504 U.S. 957 (1992).

---

[1]The Honorable GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable HENRY L. JONES, JR., United States Magistrate Judge for the Eastern District of Arkansas.

The judgment of the District Court is therefore affirmed.

A true copy.

     Attest:

              CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.